IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TREVOR P. BENJAMIN, | : | CIVIL NO. 3:CV-13-1204 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CHARLES E. SAMUELS, JR., *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Trevor P. Benjamin ("petitioner"), an inmate in the custody of the Federal Bureau of Prisons, currently incarcerated at the Low Security Correctional Institution at Allenwood, in White Deer, Pennsylvania (LSCI-Allenwood) initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner was sentenced on November 4, 1996, in the United States District Court for the Middle District of Pennsylvania to a 188–month term of imprisonment for bank robbery in violation of 18 U.S.C. § 2113(d). (Doc. 5-1, at 4, ¶ 3.) His current projected release date is April 9, 2014. (Id.) He files this petition challenging the length of his placement in a Residential Re–Entry Center ("RRC"). For the reasons set forth below, the petition will be denied.

I. **Background**

Eligibility for RRC placement is ordinarily reviewed with the inmate and the Unit Team 17-19 months before the inmate's projected release date. (Doc. 5-1, at 4, ¶ 4.) Criteria utilized for RRC placement are set forth in 18 U.S.C. § 3621(b) and include: (1) The

resources of the facility contemplated; (2) The nature and circumstances of the offense; (3) The history and characteristics of the prisoner; (4) Any statement by the court that imposed the sentence; and (5) Any pertinent policy statement issued by the U.S. Sentencing Commission. (Doc. 5-1, at 10.) Additionally, an inmate's institutional programming is reviewed to determine whether additional RRC time is warranted as an incentive under 42 U.S.C. § 17541. (Id. at 5, ¶ 8.)

Recommendations and referrals based upon assessments of inmate needs for services, public safety, and the necessity of the BOP to manage its inmate population responsibly are made to the Community Corrections Manager ("CCM")[1]. (Doc. 5-1, at 4, ¶ 6.) The recommendations and referrals should be completed approximately two months prior to the inmate's expected delivery date, and the completed referral packet should be forwarded to the CCM at least 60 days prior to the maximum recommended range or date. (Id. at 4, ¶ 5; 12-13.) "The [CCM] works in the Community Corrections branch of the BOP, and, among other things, serves as a liaison between BOP institutions and RRC facilities. The [CCM] is the final authority who determines placement based on bed space and other factors. RRC resources vary depending upon the location of the RRC in each inmate's release area and RRC bed space varies depending upon the time in which the inmate is transferred to the RRC." (Id. at 5, ¶ 9.)

On August 13, 2012, Correctional Treatment Specialist Amy Foura ("Foura")

---

[1] A CCM is also referred to as Residential Re-entry Manager.

2

reviewed petitioner for RRC placement. (Doc. 5-1, at 5, ¶ 10.) The "Institutional Referral for RRC Placement" stated as follows: "Inmate Benjamin is being recommended for placement in a Residential Re-Entry Center (RRC) in order to assist him with finding employment and housing. Inmate Benjamin was sentenced to 188 months for Bank Robbery. His projected release date is April 9, 2014. He has 3 years supervision pending in the District of Maryland. Inmate Benjamin is being recommended for ›270 days Residential Re-Entry placement. This recommendation is in accordance with Woodall v. Federal Bureau of Prisons, criteria set forth in Program Statement 73104, and the Second Chance Act. The Unit Team has determined that the recommended time is of sufficient duration to provide the greatest likelihood of successful reintegration into the community." (Doc. 5-1, at 48.) Apart and separately, petitioner was reviewed under 42 U.S.C. § 17541 and it was determined that additional RRC placement was warranted. (Doc. 5-1, at 6, ¶¶ 17-18.) The Warden concurred in the recommendation. (Id.) He was subsequently awarded five months RRC placement, which resulted in a placement date of November 7, 2013. (Doc. 5-1, at 5, ¶ 12.)

On November 13, 2012, Foura contacted the CCM inquiring about the five-month placement date. (Doc. 5-1, at 6, ¶ 13.) The CCM informed Foura that "[d]ue to bed space projections issues, the RRC is unable to give this inmate additional time. He actually is receiving more time than any inmates going to that facility would receive." (Doc. 5-1, at 49.) On November 28, 2012, the case manager coordinator at LSCI Allenwood sent a request to the CCM seeking reconsideration stating the following: "We recommended 1 year placement

3

as this inmate really needs it. Inmate Benjamin is serving a 248 [sic] month sentence for Bank Robbery, Use of Firearm in Relation to a Crime of Violence. He has maintained clear conduct for over the last 10 years. He has taken numerous educational courses and has obtained his Bachelor of Science Degree from Southern Illinois University while incarcerated. He was actively enrolled in the ROPE program which talked to high school students about the consequences of committing a crime. He has maintained outstanding work evaluations while working in the Unicor factory and has maintained a good demeanor with staff and inmates. Basically, he has gone above and beyond of what was asked of him." (Doc. 5-1, at 50.) The reconsideration was denied on January 8, 2013. (Doc. 5-1, at 51.)

Petitioner filed the instant petition on May 13, 2013.

## II. Discussion

The Second Chance Act of 2007, which applies here, increases a federal prisoner's eligibility for pre-release placement in a halfway house from 6 to 12 months, and requires the Bureau of Prisons (BOP) to make an individual determination that ensures that the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). In accordance with the Act, regulations were issued so that placement in a community correctional facility by the BOP is conducted in a manner consistent with 18 U.S.C. § 3621(b). See 28 C.F.R. § 570.22. In addition to the individual determination under section 3621(b), a prisoner's participation in, or completion of, Inmate Skills Development programs within the institution is considered separately to determine if additional placement time is warranted as an incentive under 42 U.S.C. § 17541,

the Federal prisoner reentry initiative. Section 17541 requires the BOP to "provide incentives for prisoner participation in skills development programs." Id. at § 17541(a)(1)(G). One such incentive may "at the discretion of the [BOP]" include "the maximum allowable period in a community confinement facility." Id. at § 17541(a)(2)(A).

Our review is limited to whether the BOP abused its discretion. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir.1991). The BOP exercises its authority pursuant to the Second Chance Act to determine individual prisoner RRC placements by applying the five factors set forth in section 3621(b). The sixth factor used by the BOP is participation and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541. The record establishes that the BOP gave petitioner an individual review of the five statutory factors contained in section 3621(b), and the additional factor of his participation and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541, prior to recommending that he receive a greater than 270 day placement. It is clear that petitioner received appropriate consideration for the maximum allowable period of community placement, as reflected by the recommended 270 day placement and the efforts made by his case managers in attempting to secure him additional time after the CCM was only able to provide him with a 5-month placement due to space constraints at the applicable RRC.

The BOP did not abuse its discretion in that it complied with the Second Chance Act. The Second Chance Act does not guarantee a one-year RRC placement, but "only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence." See Lovett v. Hogsten, No. 09-5605, 2009 WL 5851205 (6th Cir.

5

Dec. 29, 2009); see also Travers v. Federal Bureau of Prisons, No. 09-5153, 2009 WL 4508585, *4 (D.N.J. Nov. 30, 2009) (finding that ". . . nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 120–150 days already approved. These pre-release placement decisions are committed by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations."); Creager v. Chapman, No. 4:09-CV-713-A, 2010 WL 1062610 (N.D.Tex. Mar. 22, 2010) (holding that although Petitioner disagrees with her RRC placement date after consideration of the § 3621(b) factors, this "does not establish a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to any guaranteed placement in a residential reentry center[ ]" and " 'the duration of [RRC] placement is a matter to which the [BOP] retains discretionary authority.' " (citations and quotation omitted)). Because petitioner has not demonstrated that he "is in custody in violation of the Constitution or laws or treaties of the United States. . . ." as required for relief under 28 U.S.C. § 2241, the petition will be denied.

III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: November 12, 2013